TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

OPINION ON MOTION FOR REHEARING

NO. 03-95-00596-CR

Kirk Wayne McBride, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT

NO. CR95-129, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

PER CURIAM

In his motion for rehearing, appellant contends we misstated the facts in our discussion of
his twenty-sixth point of error, by which he complained of the overruling of his motion to dismiss for want
of a speedy trial. In discussing this point, we stated that there was no evidence to support appellant's claim
that Melanie Cooper, an allegedly important defense witness, could not be found. Appellant draws our
attention to testimony adduced at a hearing on a defense motion for continuance conducted six months
before appellant's speedy trial motion was considered by the district court. Appellant did not cite this
testimony in his appellate brief. At the earlier hearing, a private investigator testified to his unsuccessful
efforts to locate Cooper in 1993, after appellant's original conviction was reversed.

Appellant sexually assaulted the complaining witness in 1990. Appellant's original
conviction was reversed on appeal in 1992. A second trial ended in a mistrial on appellant's motion. A
subsequent habeas corpus proceeding was appealed to this Court in 1994. Appellant sought a continuance
of trial six months before the instant trial began and did not assert his speedy trial right until the day jury
selection began. Testimony that the complainant flirted with appellant at a party would be a slim reed on
which to rest a defense for appellant's repeated assaults of the complainant over a four-hour period. In
light of the record as a whole, including the testimony we overlooked on original submission, we remain
convinced that the district court did not abuse its discretion by overruling the speedy trial motion. See
Barker v. Wingo, 407 U.S. 514, 515 (1972) (four-factor balancing test).

We have considered the other contentions raised in the motion for rehearing and find them
to be without merit. The motion for rehearing is overruled.

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Motion for Rehearing Overruled

Filed: April 24, 1997

Do Not Publish